## FRAZIER v. THE STATE.

1. EVIDENCE:   *Contradicting witness by his contrary statements.*
   A material witness against a defendant on trial for murder was asked on cross-examination, "if he had ever expressed to Washington Smith or others, feelings of hostility towards the defendant," to which he answered: "I am on good terms with the defendant; never had a falling out in our lives; have known him a long time, and we have always been friends." The defendant then offered to prove by Washington Smith that he had heard the witness say that if necessary, he would swear the life of the defendant away, and that he knew that the witness and defendant had had differences and were not friendly. This testimony was refused. *Held*, that the defendant had laid sufficient ground for the admission of Smith's testimony, and its refusal was error.

2. EVIDENCE:   *Confessions:   The whole must be admitted.*
   When a defendant's confession is given in evidence against him, all that he stated in the confession, as well that for him as that against him, must be admitted.

APPEAL from *Dorsey* Circuit Court.

Hon. J. M. BRADLEY, Circuit Judge.

*W. P. Stephens*, for appellant.

1.   It was error in not permitting appellant to prove by Ross, who held the inquest, the other and additional material statements—in short, all of the declarations made at the same time and on the same occasion. *34 Tex., 659; 39 Ib., 52; Pomeroy's Arch. Cr. Pr. & Pl., 385,* and notes, etc.

2.   The court should have permitted appellant to prove by Washington Smith the hostile feelings of Bill Nick Marks, witness for the State, against appellant. *12 Ark., 800; 30 Ib., 340; 37 Miss., 402.*

3.   It was error to exclude the evidence of Ed Marks. See *supra.*

*C. B. Moore*, Attorney General, for the State.

The proper foundation was not laid for the introduction of the evidence of Washington Smith and Ed Marks. *Benton v. The State, 30 Ark., 340.*

It might have been better to permit the witness Ross to state all that appellant said at the time he made the confession, but numerous other witnesses had testified to *all* that he did say on the occasion, and the error is too unimportant to reverse the case on.

ENGLISH, C. J.   At the September term 1883, of the Circuit Court of Dorsey County, Abe Frazier was indicted for murder, the indictment charging in substance, that on the twenty-seventh December, 1882, he murdered Lewis Davis, by shooting him with a double barreled shot-gun. The jury found him guilty of murder in the first degree, as charged; he was refused a new trial, sentenced to suffer the death penalty, and obtained an appeal.

On the trial there were two theories of the homicide. The theory of the prosecution, in brief, was, that appellant having malice against Lewis Davis, induced him to come to his house at night, on a promise to pay him a debt which he owed him, and when Davis approached the house appellant being in readiness with his gun, murdered him.

The theory of the defense, as briefly stated, was, that Davis went upon the premises of appellant late at night, entered his crib and took from it a sack of corn, and was being chased from the crib by the yard dogs, when appellant, not knowing at the time who he was, shot him.

Bill Nick Marks, a witness for the State, testified to a private confession made to him by appellant, after the homicide, which tended to establish the theory of the prosecution; indeed, it must have been measurably upon

the testimony of this witness that the jury found appel-. lant guilty of murder in the first degree.

On cross-examination he stated :

"I am on good terms with defendant; never had a falling out in our lives. I have known him a long time, and we have always been friends."

These statements were made upon being asked by defendant "if he had ever expressed feelings of hostility towards defendant, to Washington Smith or others."

Defendant offered to prove by Washington Smith, that he had heard the witness for the State, Bill Nick Marks, say that, if necessary, he would swear the life of defendant away.

To the introduction of which evidence the State objected on the ground that the defense had not called the attention of witness, Marks, to said statement, with time and place, when he was on the stand, and the court sustained the objection, and defendant excepted.

Defendant then offered to prove by Ed Marks that he knew that defendant and witness, Bill Nick Marks, had difficulties, and were not on friendly terms. Which evidence the court, on its own motion, refused to permit defendant to introduce, and defendant excepted.

These exceptions were made grounds of the motion for new trial.

I.   The court erred in excluding the proposed testimony of Ed Marks, a sufficient foundation having been laid for its admission. (*Cornelius v. The State*, *12 Ark.*, *800; Benton v. The State*, *30 Ark.*, *340*.) Proof that Bill Nick Marks was unfriendly to appellant, which he had denied on his examination in chief, might have lessened the value of his testimony in the estimation of the jury.

II.   The State introduced in evidence the voluntary confession made by defendant at an inquest held on the body

·of Lewis Davis by a justice of the peace. The appellant offered to prove by A. L. Ross,· the justice of the peace who held the inquest, all that he said in that confession, and among other things, that he had stated as a part of the confession, that when he fired the first shot, he did not know that he was shooting at Lewis Davis, and that as ·soon as he shot the last time, he went to J. H. Marks, and acting under his advice, surrendered himself into·the custody of witness, and that when he fired the second shot he heard a noise, and was afraid that the person might shoot him; which evidence the court excluded, to which defendant excepted, and made the exclusion a ground of the motion for a new trial.

The State having introduced the confession of appellant, all that he said at the time was competent, and he had the right to prove any part of the confession omitted in the evidence of the State. *Atkins v. Hershey, 14 Ark., 442; Wharton Cr. Evidence, 8th ed., sec. 688.*

There were other grounds in the motion for a new trial, but they presented nothing novel.

For the errors above indicated, the judgment must be reversed and the cause remanded for a new trial.