Mason *v.* Morel.

5-2586                                            354 S. W. 2d 19

Opinion delivered February 19, 1962.

*Jabe Hoggard* and *Crumpler & O'Connor,* for appellant.

*T. O. Abbott* and *Spencer & Spencer,* for appellee.

Carlton Harris, Chief Justice. This suit was instituted by appellee as an action in ejectment, and involves the ownership of a strip of land, slightly more than fourteen feet in width, lying between the homes of appellee and appellant, *i. e.,* the issue is the determination of the location of the line between the two properties. The case was tried before the Court, sitting as a jury, and at the conclusion of the evidence, the Court held appellee had acquired title to the tract in question by "open, continuous, and adverse possession for more than the past seven years." This finding had the effect of placing appellee's property line to within eighteen inches of appellant's house. From the judgment so

entered, appellant brings this appeal. For reversal, two points are relied upon, as follows:

## "I.

The Court erred in admitting into evidence Exhibits 1, 2, and 3 to the direct examination of Mrs. Morel, which are photographs purporting to show portions of the premises in dispute, as a proper foundation for their admission was not laid.

## II.

The Appellee has not been in such possession of the disputed lands as to ripen into title by adverse possession as contemplated by Arkansas Statutes, Section 37-101."

## III.

The photographs, 3 1/4" by 3 1/4", purport to show appellee's rose garden, though no flowers are discernible; in fact, the only plant life that appears is a catalpa tree (which, according to Mrs. Morel, "come up volunteer", though she had since tended it), and some hedge;[1] a China tree is shown in two of the photographs. These exhibits were offered in support of appellee's claim of adverse possession. Appellant objected to the introduction thereof, and we are definitely of the opinion that they should not have been admitted into evidnce. It is true that as a general rule, the admission of photographs as evidence is a matter that lies within the discretion of the trial judge. See *McGeorge Contracting Co.* v. *Mizell,* 216 Ark. 509, 226 S. W. 2d 566. However, because of the particular issue involved in this case, we think the trial court erred in admitting these exhibits, for no proper foundation had been laid. Let it be borne in mind that the matter at issue was whether appellee had exercised such acts of control over the strip in question as to establish her right to same by adverse possession. The photographs (introduced through the

---

[1] One cannot tell definitely from these photographs whether the hedge runs continuously for a distance, or is only a "clump" serving as a "screen" in front of a window of the Mason house.

testimony of Mrs. Morel) show a young girl standing in the area that appellee characterized as the rose garden. Mrs. Morel did not know by whom the pictures were taken, stating only that "the children took the pictures." These children are not identified other than the young girl shown in the photograph; the witness stated that the latter was her granddaughter, 12 years of age at the time the photographs were taken. She did not give the present age of the granddaughter, and testified that she did not know when the pictures were taken. Two of the three photographs do have a notation on the back, "Mary-1954," but Mrs. Morel did not place this notation on the photographs, and did not know who had done so. Furthermore, there is no evidence as to the angle or position from which the pictures were made, though it is obvious that each was taken from a different position. In other words, the witness was only vaguely familiar with the photographs (which are rather dim and actually, poor reproductions), and could not say by whom they were made—when they were made—or from what angle they were made. To hold these photographs admissible under this proof would ignore standards heretofore established for the admissibility of photographic evidence. The last two references to background for admissibility are particularly important, and the question of *when* the photographs were made is especially pertinent to the question of adverse possession. Mrs. Morel testified she purchased the property in 1944. The suit was filed in August, 1959, and evidentiary value of the photographs depends, in large measue, upon when they were taken. The general principle is well stated in *Hooks* v. *General Storage & Transfer Co.,* 187 Ark. 887, 63 S. W. 2d 527, as follows: "It is a well established rule of law that when the situation and surrounding circumstances are subject to change, photographs, to be admissible as evidence, must have been taken at the time of the transaction or before the situation and circumstances have undergone a change." Certainly, between 1944 and 1959, the condition of the premises was subject to change, and in determining

whether these asserted acts of ownership occurred during a period when title by adverse possession was ripening, the time element is an essential question. Of course, there is a presumption that when the Court sits as a jury, it only considers competent testimony. *Johnson* v. *Spangler,* 176 Ark. 328, 2 S. W. 2d 1089. But this is only a presumption, and the record reflects that the Court, in the case before us, apparently gave, at least some, consideration to the photographs. The transcript reflects the following:

"Counsel for appellee:

Q. Do you know what this is (indicating on picture)?

A. That is a catalpa tree.

The Court: What property is that catalpa tree on?

Witness: On my property."

## II.

Since the judgment is being reversed, we do not discuss, nor pass upon, the question of whether the Court's finding that appellee had acquired title by adverse possession, is supported by substantial evidence.

In accordance with our discussion under point one, the judgment is reversed, and the cause remanded. On re-trial, all parties shall be permitted to produce any further proof desired relating to the issue of ownership.

ROBINSON, J., would reverse and dismiss.