VERNON NELSON *v.* DAVID KEITH UNDERWOOD ET AL

5-4542

Opinion delivered May 27, 1968
[Rehearing denied July 15, 1968.]

*Smith, Williams, Friday & Bowen,* for appellant.

*Gordon, Gordon & Eddy,* for appellees.

CONLEY BYRD, Justice. Appellant Vernon Nelson was involved in a collision with appellees David Keith Underwood and Betty Lee Underwood, his wife, at the intersection of Frog Levee Road and Highway 95 near Morrilton, Arkansas. Nelson was making a left turn with his pick-up truck when he was struck in the left side by the automobile driven and occupied by the Underwoods. Nelson testified that he was giving a proper left-hand turn signal. The Underwoods deny that any signal was given. From a jury verdict awarding a substantial judgment in favor of each of the Underwoods, Nelson appeals, claiming error in the selection and impaneling of the jury; error in the trial court's failure to direct a verdict; that the verdict for Betty Lee Underwood was excessive; and that the trial court erred in instructing the jury upon Ark. Stat. Ann. § 75-609(b) (Repl. 1957).

The instruction given upon the statute by the trial court, being incorporated in AMI 601, is in part as follows:

"There were in force in the State of Arkansas at the time of the occurrence seven (7) statutes which provided:

. . .

"75-609: The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules hereinafter stated:

. . .

"(b) Except when overtaking and passing on the right is permitted,[1] the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.

. . .

---

[1] In the compiled statutes the phrase reads, "except when overtaking and passing on the right as permitted." The original act says, "is permitted."

"A violation of one or more of these seven (7) statutes although not necessarily negligence, is evidence of negligence to be considered by you along with all of the other facts and circumstances in this case."

We hold that it was error to instruct the jury on the statute, under the facts of this case, without informing them that the statute did not apply if Nelson was making a lawful left turn—*i. e.,* if he had given the proper signals for the left turn. As given, the instruction leaves with the jury the impression that once the overtaking vehicle has given an audible signal, the overtaken vehicle must yield the right of way even though he is properly signaling for a left turn exit from the highway.

In view of this reversal we do not reach and have made no determination on the excessiveness of the verdict. We find no merit in the other alleged errors.

Reversed.

HARRIS, C. J., and JONES, J., would affirm the judgment.