CURTIS M. DOWNS *v.* LEON REED

5-5020                                                446 S. W. 2d 657

Opinion delivered November 10, 1969

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellant.

*Carl McSpadden,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant asks us to reverse a judgment of the circuit court in an automobile collision case for want of substantial evidence to support the findings of the trial judge sitting without a jury. Appellee filed suit against appellant for property damage of $175.78, and double damages and attorneys' fees under Ark. Stat. Ann. § 75-918 (Repl. 1957). He alleged that his automobile was damaged when it was struck by an overtaking vehicle operated by appellant. The negligence alleged as the proximate cause was appellant's failure to keep a proper lookout, failure to keep his automobile under proper control and failure to yield the right-of-way to appellee. Appellant denied the negligence charged against him and alleged identical acts of negligence on the part of appellee with the additional charge that appellee failed to give a proper signal to make a

left turn. The trial court found that the proximate cause of the collision between the two vehicles was attributable entirely to the negligence of appellant.

The sole argument made by appellant is lack of adequate support for the court's finding that no negligence on the part of appellee constituted a proximate cause of appellee's damage.

The collision occurred when appellee Reed made a left turn from Highway 25 into Warren's Welding Shop, a service station in the community of Ida. Both vehicles were proceeding along the highway in the same direction. Appellant was overtaking the vehicle driven by Reed just prior to the time that the turn was made. Reed admitted that he had not noticed the car following him until his partner and passenger, C. E. Blackburn, warned him that a car following them was going to hit them. Reed testified that as he approached the service station driveway he had turned on his blinker signal at a distance some 40 or 50 steps back of the point at which he made his turn. When his front wheels were already off the highway into the drive and the rear wheels almost off, he looked back over his shoulder and saw that the Downs vehicle was going to strike his. Appellant contends that appellee's failure to ascertain whether any following vehicle had already pulled out into the passing lane constituted negligence which was a proximate cause of his damage. If we agreed, we would have to say that this omission on the part of appellee constituted negligence as a matter of law. Under the circumstances of this case we cannot do so.

Appellant relies on the requirements of Ark. Stat. Ann. § 75-618(a) (Repl. 1957) to sustain his position. Violation of this statute, requiring that no one turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and only after giving an appropriate signal, is only evidence of negligence and not negligence per se. *Was-*

*son* v. *Warren,* 245 Ark. 719, 434 S. W. 2d 51. See also *Young* v. *Dodson,* 239 Ark. 143, 388 S. W. 2d 94. Thus, there existed a question of fact as to whether Reed's actions in the circumstances constituted negligence.

Appellant argues that his testimony as to the relative positions of the vehicles was uncontradicted and required a finding of negligence on the part of Reed. We do not agree. Reed testified that he was traveling only 35 or 40 miles per hour in approaching the turn, having adjusted his speed for the purpose of making the turn. His estimate of the distance at which the signal was commenced would have tended to show that statutory requirements were met in that regard. He stated that in the quarter of a mile he traveled before making the turn, there were ten intersecting roads and eighteen buildings. C. E. Blackburn testified that he looked back and saw Downs' vehicle as Reed was finishing his turn. According to this witness that vehicle was then over on the passing side, obviously trying to stop. He testified that Downs started blowing his horn when the front wheels of Reed's car were at the edge of the driveway or possibly slightly into the driveway. He estimated that Downs was then about 100 feet away and that the horn was sounded for the length of time it took him to travel this distance and the Reed vehicle half a car length.

Downs testified that he was driving his vehicle at approximately 35 or 40 miles an hour when he pulled to his left to pass Reed's vehicle and that he had already pulled onto the lefthand side of the highway when he saw the brake light on Reed's vehicle come on. According to him, he then applied his brakes and blew his horn after which Reed turned on his signal light just before making the left turn. Downs stated that, at this time, his vehicle was traveling at about 50 to 60 miles per hour and that he had already started to swing it around Reed's car. Arkansas Statutes Annotated § 75-609(b) (Repl. 1957) requires a vehicle being overtaken

and passed to remain on its right and proper side of the highway when proper signal is given by the overtaking vehicle. We have held, however, that this statute does not apply if the overtaken vehicle is making a lawful turn, *i. e.,* if the proper signals have been given. *Nelson* v. *Underwood,* 244 Ark. 1065, 429 S. W. 2d 102. The forward vehicle has the superior right to the use of the highway for the purpose of leaving it to enter an intersecting road or passageway. *Arkansas Best Freight System* v. *Hillis,* 244 Ark. 791, 427 S. W. 2d 166; *Wasson* v. *Warren,* 245 Ark. 719, 434 S. W. 2d 51. It was the duty of appellant to handle his automobile in recognition of this superior right. *Cohen* v. *Ramey,* 201 Ark. 713, 147 S. W. 2d 338.

From the evidence the court might well have found that Reed gave a proper and timely signal and that his failure to be more alert for a following vehicle did not constitute negligence. On the other hand, it may well have found that the acts of appellant, in increasing his speed and in failing to give an audible signal more promptly in an area described as the middle of Ida where there were numerous intersecting roads and driveways, constituted negligence and that appellant failed to recognize Reed's superior right to the use of the highway.

Even if we could say that the omission of Reed constituted negligence, as a matter of law, there remained a question as to the proximate cause of the collision. The evidence recited made this a question for the trier of the facts and his findings would conclude the issue. See *Jones* v. *King,* 211 Ark. 1084, 204 S. W. 2d 548.

Since we find that there was substantial evidence to support the findings of the circuit court, the judgment is affirmed.

Appellee's attorney is allowed a fee of $250 for services on this appeal.