## Larry GRAY v. STATE of Arkansas

Opinion delivered June 7, 1971
[Rehearing denied August 9, 1971.]

*Nance, Nance, Fleming & Hatfield,* for appellant.

*Ray Thornton,* Attorney General; *Garner L. Taylor, Jr.,* Asst. Atty. Gen., for appellee.

George Rose Smith, Justice. The appellant, aged nineteen, was convicted of having robbed a filling station operator, at pistol point, of $250. The jury fixed his punishment at confinement for eighteen years. He now asserts two points for reversal.

First, we find no merit in his contention that a confession which he made after his arrest was not voluntary. Two officers testified that Gray voluntarily signed a confession after he had first been properly informed of his constitutional rights. Gray, at an in-chambers hearing, contradicted the officers' testimony by stating that he was not allowed to make a telephone call to arrange for the services of an attorney. We cannot say from the record that the trial judge was wrong in finding the confession to have been voluntarily made.

Secondly, the court erred, however, in allowing the State to introduce proof of other armed robberies com-

mitted by Gray, the offenses extending over a period of about three months. The other robberies were detailed by Gray in his confession and were also proved by the testimony of the persons whom Gray robbed, each of whom identified him in the courtroom as the guilty person. The court instructed the jury that the proof of similar crimes was introduced only to show guilty knowledge, criminal intent, and a common scheme. We discussed the matter of proving intent in *Alford* v. *State*, 223 Ark. 330, 266 S. W. 2d 804 (1954), and the matter of proving a scheme or design in *Moore* v. *State*, 227 Ark. 544, 299 S. W. 2d 838 (1957). For the reasons stated in those opinions the testimony introduced in the case at bar was clearly inadmissible and should not have been allowed to go to the jury.

Reversed.

FOGLEMAN, J., not participating.