ARTHUR BYRD, LEONA JAMES AND
HENRY STRICKLAND *v.* STATE OF ARKANSAS

5609                                     471 S.W. 2d 350

Opinion delivered October 11, 1971

*Reinberger, Eilbott, Smith & Staten* and *Harold Flower,* for appellants.

*Ray Thornton,* Attorney General; *Robert H. Crank,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellants were charged with the crime of robbery. Upon a joint trial a jury found each appellant guilty and assessed James' punishment at 3 years, Strickland 7 years, and Byrd 5 years imprisonment in the State Penitentiary. From the judgments on those verdicts comes this appeal.

For reversal it is contended that it was error for the court to admit into evidence cross-implicating. confessions and, further, the trial court erred by refusing to give appellants' requested cautionary instructions that any reference in a confession by one codefendant to another codefendant should not be considered by the jury.

The written confessions of appellants James and Strickland, neither of whom testified, were admitted into evidence. These confessions were cross-implicating as to each declarant and, also, as to appellant Byrd who testified and denied any complicity in the alleged crime. In the case of *Mosby & Williamson* v. *State,* 246 Ark. 963, 440 S. W. 2d 230 (1969), we held that it was prejudicial error to allow cross-implicating confessions in a joint trial, as in the case at bar, since this is violative of the basic right to be confronted by an adverse witness with the accompanying right of cross-examination as is guaranteed by the federal Sixth Amendment. Further, this resulting prejudice could not be removed by a cautionary instruction to the jury that the admission of one declarant could not be considered as evidence against a codefendant. There we also said that the answer to the problem of cross-implicating admissions would be to delete any of the offending portions with reference to a codefendant, if a deletion is feasible and could be done without prejudice, or to grant separate trials. See, also, *Bruton* v. *United States,* 391 U. S. 123 (1968) and *Roberts* v. *Russell,* 392 U. S. 293 (1968).

Reversed and remanded as to each appellant.

HARRIS, C. J., not participating.