## Roy Lee HICKEY *v*. STATE of Arkansas

CR 78-17                                        569 S.W. 2d 64

Opinion delivered June 26, 1978
(In Banc)
[Concurring opinion on denial of rehearing September 5, 1978.]

*John W. Achor,* Public Defender, by: *William R. Simpson, Jr.,* Dep. Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *Jesse L. Kearney,* Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Justice. Appellant was convicted of burglary and theft of property in the Circuit Court of Pulaski County, Arkansas, and was sentenced to the Department of Correction for a term of five years on each charge and the sentences are to run concurrently. The appellant was tried before the court sitting without a jury.

During the trial, Sergeant Bobby L. Ward of the North Little Rock Police Department testified that appellant-defendant had made a confession admitting the commission of the crimes and the confession included the following:

"... Roy, are you not out on parole right now? Yes, sir. What are you on parole for? Burglary."

Appellant's attorney objected and moved the court for a mistrial. The trial court overruled appellant's objections and the officer continued to testify as follows:

"... What kind of sentence did they give you? ... I got ten years suspended three. ... And how many months or years did you spend down there? Six months down there. ..."

Appellant has asserted that the trial court committed reversible error in refusing to grant appellant's motion for a mistrial. We are persuaded that appellant is correct and we, accordingly, reverse the trial court.

In *Alford* v. *State,* 223 Ark. 330, 266 S.W. 2d 804 (1954), we made the following observation:

"No one doubts the fundamental rule of exclusion, which forbids the prosecution from proving the commission of one crime by proof of the commission of another. The State is not permitted to adduce evidence of other offenses for the purpose of persuading the jury that the accused is a criminal and is therefore likely to be guilty of the charge under investigation. *In short, proof of other crimes is never admitted when its only relevancy is to show that*

*the prisoner is a man of bad character, addicted to crime."*
(Emphasis added)

See also: *Gray* v. *State,* 250 Ark. 842, 469 S.W. 2d 123 (1971); *Moore et al* v. *State,* 227 Ark. 544, 299 S.W. 2d 838 (1957).

It is clear from the record before us that the evidence relating to appellant's prior criminal conduct has no connection with the offenses involved in this action. Moreover, inasmuch as appellant had confessed to the commission of the crimes for which he was charged, it was not necessary to establish the presence of a design or plan to do or not to do a given act. Consequently, the introduction of evidence concerning appellant's prior burglary convictions constituted prejudicial error.

Appellee argues that even if the evidence objected to were admitted erroneously, appellant has no grounds to assert any prejudice inasmuch as this action was tried by the court sitting without a jury; and that the trial judge must be presumed to be learned in the law sufficient to know the weight and credibility to be given any testimony brought out during the trial. Appellee's argument is not persuasive. We submit that because a case is tried before a trial judge without the aid and assistance of a jury, this does not, in the least, reduce the proceedings to an informal setting where the principles of law and justice are disregarded or perverted. As we stated in *Alford,* "basically, the rule involved rests upon that spirit of fair play which, perhaps more than anything else, distinguishes Anglo-American law from the jurisprudence of other nations. Our theory is simply that a finding of guilty should rest upon proof, beyond a reasonable doubt, that the accused committed the exact offense for which he is being tried. We do not permit the State to bolster its [case] by proof of prior convictions, with their conclusive presumption of verity." In this way alone, we further emphasized in *Alford,* "can we avoid the elements of unfair surprise and undue prejudice that necessarily attend trial by accusation in place of trial upon facts demonstrated beyond a reasonable doubt."

Appellee also argues that the alleged prejudicial testimony is part and parcel of a confession given by

appellant and, therefore, under the holdings of some of our early cases "when a defendant's confession is given in evidence against him, all that he stated in the confession, as well as that for him as that against him, must be admitted." *Frazier* v. *State,* 42 Ark. 70 (1883) and *Williams* v. *State,* 69 Ark. 599, 65 S.W. 103 (1901) are the early cases cited in support of this argument.

First, appellee has misapplied the rationale in *Williams* v. *State,* supra. In *Williams,* we said:

> ". . . There has been much discussion among jurists as to what part of a confession should be offered in evidence by the plaintiff, and what part by the defendant, and at what stage of the trial each part should be presented; but there is no difference among them on the proposition that the whole of the confession should be admitted, — *at least so much of the statement including it as is relevant.*" (Emphasis added)

We see no conflict in *Williams* and the posture we take in this case.

In *Frazier* v. *State,* supra, the State offered a portion of a confession made by appellant admitting that appellant fired the weapon that killed the decedent, but did not offer that part of the confession which stated that at the time the weapon was fired, appellant did not know that he was shooting the decedent and that he was also afraid that the decedent might shoot him. This part of the confession was material and relevant to appellant's defense. As we stated in *Williams* v. *State,* supra, and as we restate in the instant case, all material and relevant portions of a confession are, indeed, admissible.

We submit that the offending or prejudicial portion of a confession is simply deleted, upon appellant's objection, in order to avoid the prejudicial aspect of the confession.[1]

---

[1]*See: Byrd et al* v. *State,* 251 Ark. 149, 471 S.W. 2d 350 (1971) where we held that where a cross-implicating confession in a joint trial is prejudicial to one of the co-defendants, the solution to the problem would be to delete any of the offending portions, if a deletion is feasible. *See also: Bruton* v. *United States,* 391 U.S. 123 (1968).

Reversed and remanded.

Byrd, J., dissents.

Conley Byrd, Justice, dissenting. The "Denno" hearing in this trial to the court, sitting without a jury, was held simultaneously with the presentation of the evidence in chief. It looks somewhat ridiculous for the trial judge to hold a "Denno" hearing and after striking certain portions of the confession to take another seat and hear the same testimony again without the struck portions.

For the reasons stated, I respectfully dissent.

John A. Fogleman, Justice, concurring on denial of petition for rehearing. I concur in the denial of the petition for rehearing only because the trial judge overruled a specific and proper objection to the prejudicial evidence. The presumption that a trial judge considers only competent evidence is only a presumption which is overcome when there is an indication that the trial judge did give some consideration to inadmissible evidence. See *Mason* v. *Morel,* 234 Ark. 660, 354 S.W. 2d 19, cited by the state. In the context in which this objection and ruling were made, the usual presumption should not be applicable.

I am authorized to state that Mr. Justice Hickman joins in this opinion.