Ivory Joe CLINKSCALE *v.* STATE of Arkansas

CR 80-14                                              602 S.W. 2d 618
Supreme Court of Arkansas
Opinion delivered June 23, 1980
Rehearing denied August 25, 1980

*John W. Achor,* Public Defender, by: *Lavona M. Wilson,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Jack W. Dickerson,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Ivory Joe Clinkscale was convicted of theft of property and sentenced to 10 years imprisonment, consecutive to a term he is presently serving.

He alleges only one error on appeal: The trial court was wrong in sentencing him because it considered prior convictions not alleged in the information.

The information, filed January 18, 1979, alleged Clinkscale had been convicted of "two or more" prior felonies

and asked for an increased sentence pursuant to Ark. Stat. Ann. § 41-1001 (Repl. 1977).

Clinkscale waived a jury trial and was convicted. There is no argument raised regarding his guilt.

During the sentencing procedure the State moved to introduce previous convictions. The defense objected and the State moved to allow its amended information alleging four or more previous convictions to stand. The request was not granted; neither party asked for a continuance.

Counsel for the State and the defense presented arguments on this issue to the court. The State named the five prior convictions and argued that it had a right to present this evidence because it had alleged "two or more" prior convictions. The trial judge inquired as to the possibility of a sentence. It was determined that with two prior convictions the sentence could be from three to 15 years. Then, the court stated:

THE COURT:

For the record, I'm only taking into consideration the two priors that were contained in the information. And that still gives a possible sentence of three to fifteen, the way I understand it. I'm only going to sentence him to ten years. . . .

However, just before the remark, the judge had said:

THE COURT:

It will be the judgment of the Court, Mr. Clinkscale, that you be sentenced to the Arkansas Department of Correction for a period of ten years, this time to be consecutive to the time that you are serving under your present sentence. That probably means, Mr. Clinkscale, an additional — With your record, it would probably mean an additional five or six years.

Mr. Clinkscale, there's one thing — and I think I

speak for any other Judge that's sitting here. *It's one thing to have one offense for stealing and maybe even two but the idea since 1970 you have all these* — [Emphasis added.]

Just after the "For the record" statement, the judge remarked:

> The people of this community are entitled to be safe in their stores and in their homes without having somebody be a perpetual crime wave walking around here stealing every time he gets out of prison.

There is no doubt the judge considered the other convictions, which were pressed upon him by the attorney for the State; the judge's remarks are evidence that he considered those convictions.

There is nothing at all to the State's argument that because an information alleges two or more convictions, more than two can be admitted against a criminal defendant. Allegations of prior convictions are just like essential elements of a crime, only those that are alleged can be used. *Finch* v. *State*, 262 Ark. 313, 556 S.W. 2d 434 (1977).

The question then becomes, did the trial judge's consideration of other convictions prejudice Clinkscale? The State argues there was no prejudice because the court was sitting without a jury and made the statement that only two convictions were considered "For the record."

We dealt with this question in *Mason* v. *Morel*, 234 Ark. 660, 354 S.W. 2d (1962), and *Hickey* v. *State*, 263 Ark. 809, 569 S.W. 2d 64 (1978). In *Hickey*, on denial of rehearing, it was pointed out that while there is a presumption the trial judge will only consider competent evidence, it can be overcome when there is an indication that the trial judge did give some consideration to the inadmissible evidence.

That is precisely the case we have, an indication that the judge gave some consideration to improper evidence. Therefore, we have no alternative but to find that Clinkscale

was prejudiced. Therefore, the judgment is reversed and the cause remanded.

Reversed and remanded.

Stroud, J., dissents.

Mays, J., not participating.

John F. Stroud, dissenting. I do not think the remarks of the trial judge constituted error because I disagree with the majority in its holding that an allegation of "two or more" prior felonies precludes the introduction of more than two prior felonies at the sentencing stage of the trial. *Finch* v. *State*, 262 Ark. 313, 556 S.W. 2d 434 (1977), relied upon by the majority, is not controlling here. In that case no allegation was made that there were any prior convictions or that the State would seek an enhancement of sentence, and it was not until after the trial had started that the State sought to amend its information and allege that the accused was an habitual offender. This court properly reversed the lower court for refusing to grant the requested continuance. In *Finch*, supra, the court held that the information must allege that the accused is an habitual offender and said:

> The purpose of this requirement is to afford appellant notice of essential elements upon which the state relies for assessment of punishment and to give him the opportunity to refute such assertions.

In this case, appellant was advised six months before trial that the State would seek to prove two or more prior convictions to enhance his sentence if convicted. Certainly appellant knew better than anyone else how many times he had been convicted of a felony, but if he wanted to know if the State knew of all five of his prior convictions, he could easily have found out by filing a Bill of Particulars. I think the allegation of "two or more" prior felonies made six months before trial was sufficient notice to appellant to allow the State to attempt to prove the five alleged prior felony convictions. I would affirm the conviction.