Bobby L. BUTLER *v.* Russell DOWDY

90-357                                   803 S.W.2d 534

Supreme Court of Arkansas
Opinion delivered February 11, 1991

*David J. Potter*, for appellant.

*Dowd, Harrelson, Moore & Giles*, by: *Gene Harrelson*, for appellee.

Tom Glaze, Justice. This is an appeal from a nonjury trial of an automobile accident case which occurred when the appellant and the appellee were both traveling eastbound on State Highway 4 in Hempstead County. Two other cars were following appellant's vehicle when appellee negotiated his car into the westbound

lane in an attempt to pass the three vehicles. As the appellee was passing, the appellant turned left onto a road intersecting the highway and collided with the appellee. At the hearing, Officer Rateliff, the investigating officer, was allowed to testify over the appellant's objection that he found no wrongdoing on the part of the appellee but found that the appellant made an illegal left turn or failure to yield on a left turn. The trial judge found that the appellant's negligence was the proximate cause of the collision and awarded a verdict of approximately $2,000 to the appellee.

On appeal, the appellant argues that the trial court erred in admitting Officer Rateliff's testimony into evidence under A.R.E. Rule 704 and in applying the law to the facts of this case. We find no reversible error and therefore affirm.

The rules of the road provide that an overtaken vehicle should yield to the passing vehicle when a proper audible signal is given. Ark. Code Ann. § 27-51-306(2) (1987). However, this court has held that this statute does not apply if the overtaken vehicle is making a lawful turn—using proper signals. *Downs* v. *Reed*, 247 Ark. 588, 446 S.W.2d 657 (1969). A signal of intention to turn right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning. Ark. Code Ann. § 27-51-403 (1987).

At the hearing, there was disputed testimony as to whether the appellant used his left run signal and whether the appellee sounded his horn when he began to pass. As stated earlier, Officer Rateliff, the investigating officer, testified that he found no wrongdoing on the part of the appellee but found that the appellant made an illegal left turn. Under Rule 704, opinion evidence is not objectionable because it embraces an ultimate issue to be decided by the trier of fact, if it is otherwise admissible under the Rules of Evidence. The appellant argues that Officer Rateliff's testimony was not admissible under Rule 701, which provides the following:[1]

---

[1] While we note that the appellee now attempts to also qualify the officer's testimony as expert testimony under A.R.E. Rule 702, we see no indication from the record that he was qualified to testify as an expert at the trial. *Cf. Scoggins* v. *Southern Farmers' Assoc.*, 304 Ark. 426, 801 S.W.2d 647 (1991).

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are
> (1) Rationally based on the perception of the witness; and
> (2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.

■ We have allowed a police officer to testify about his or her opinion about the point of impact, or location of the vehicles based upon the officer's examination of the skid marks, scuff marks, or debris. *Sledge* v. *Meyers*, 304 Ark. 301, 801 S.W.2d 650 (1991). However, in the present case, the officer testified that the appellant made an illegal left turn based upon his investigation of the accident. The officer of course was not an eyewitness to the accident. And, there is no way to tell from investigating the scene of the accident whether the appellant used his left turn signal or whether the appellee sounded his horn before he attempted to pass. Therefore, the officer's testimony did not help the fact finder determine the facts and reach his decision on who was responsible for the accident. Thus, the evidence was inadmissible under Rule 701.

■ While we agree with the appellant that the officer's testimony was inadmissible, we do not hold that there is reversible error. It has been held that a nonjury case should not be reversed because of admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made. *Joseph A. Bass Co.* v. *United States*, 340 F.2d 842 (8th Cir. 1965); *Builders Steel Co.* v. *Commissioner of Internal Rev.*, 179 F.2d 377 (8th Cir. 1950); *see also* C. Wright & A. Miller, *Federal Practice & Procedure* Civil § 2412 (1971). This rule of law is based upon the premise that rules of evidence are a product of the jury system where untrained citizens are acting as judges of fact; therefore, these rules should not apply with the same strictness to a nonjury case where the judge has training in evaluating the evidence.

Here, as previously mentioned, this case was tried to the court without a jury. Furthermore, our study of the record reflects competent evidence exists that supports the judgment against the

appellant. The appellee testified that he did not see the appellant use a turn signal, and he testified that he properly gave an audible signal when he began to pass the vehicles. Under such facts, the appellant would be guilty of an illegal left turn, because as stated earlier, the passing vehicle has the right of way unless the overtaken vehicle is making a lawful turn using proper signals. *Downs*, 247 Ark. 588, 446 S.W.2d 657. While this evidence was contradicted by the appellant's testimony, we give due regard to the opportunity of the trial court to judge the credibility of the witnesses and will not set aside those findings of fact unless clearly erroneous. ARCP Rule 52(a).

For the reasons stated above, we affirm.