2012 Ark. 281

**Grady TRACY, Appellant**

v.

**Theresa DENNIE, Appellee.**

**No. 11–1109.**

Supreme Court of Arkansas.

June 21, 2012.

Carol D. Nokes, Little Rock, for Appellant.

Terence C. Jensen, Jensen Young & Houston, PLLC, Benton, for Appellant.

PAUL E. DANIELSON, Justice.

Appellant Grady Tracy appeals from the order of the Saline County Circuit Court awarding custody of the parties' minor child, M.T., to appellee Theresa Dennie. His sole point on appeal is that the circuit court erred in its admission of the attorney ad litem's report. We affirm the circuit court's order.

The instant appeal arises from a paternity action, filed December 22, 2009, by Ms. Dennie. In it, she contended that Mr. Tracy was the natural father of M.T. and requested custody of the child, with Mr. Tracy having visitation. She also sought child support, both retroactive and future. Mr. Tracy answered the petition, admitting that he was the child's natural father, and counterclaimed for a finding of paternity and custody.

On January 14, 2010, Mr. Tracy filed his motion for the appointment of an attorney ad litem "to facilitate the case at hand and to further protect the rights of the child." The circuit court granted the motion and appointed Sherry Burnett as M.T.'s attorney ad litem. Just prior to the final hearing in the matter, during an in-chambers conference, Mr. Tracy objected to the circuit court's receipt of the ad litem's written report. Subsequent to that conference, the circuit court brought up Mr. Tracy's

objection at the hearing. The following colloquy then took place:

CIRCUIT COURT: The primary issue we discussed in chambers is the appropriateness of the Court receiving a written report from the ad litem. [Mr. Tracy] objected to my receiving and reviewing the report prior to— prior to having a hearing, and we discussed the matter of Administrative Rule 15, issues related to [an] ad litem's responsibilities in a custody case. And there was—I think everybody agrees there's no controlling case law on point in Arkansas or anywhere else that I know, other than—I guess that would be controlling because, potentially, there could be a United States Supreme Court case on it, but there is not as far as we know.

I have reviewed the Rule. There is—it is open to interpretation. I interpret it to mean that the ad litem shall—has obviously the regular attorney responsibilities, duties, and privileges, but also has—has—is required by the Rule to act additionally as an investigator, as an advocate, not only for the child's best interest, but also— well, not for what the child wants, but also what is in the child's best interest, which may be different, and is directed by this Rule to make recommendations to the Court for services and also to make recommendations whether or not the child agrees with that, and including going beyond privilege.

I say all of that to—I'm going to try to sum that up more specifically than that. If the attorney ad litem was merely required to be an aggressive advocate for the child, then the Rule would not be necessary because every attorney is required to do that once they become an attorney, once they're appointed to be an attorney for a person or to act as an attorney for a person; they are supposed to be an aggressive advocate. If that's all that the ad litem is supposed to do, then there would be no need to have the Administrative Rule given all of these additional things and responsibilities that go beyond the ordinary attorney/client relationship.

Therefore, based on that and also on my knowledge from being in private practice and also as a judge that it is common practice in Arkansas for attorneys ad litem to submit written recommendations, including findings of fact which ordinarily might be considered hearsay, then I have in fact denied—or I guess overruled the objection of [Mr. Tracy] and have received the written report which I will make, at this point, an exhibit.

. . . .

If you want to make any more of a record, [Mr. Tracy], you may do so now.

(Petitioner's Exhibit 1 received into evidence.)

COUNSEL FOR MR. TRACY: Thank you, Your Honor. I object to the report as hearsay. While it is true that the attorney ad litem is an advocate for the best interest of the child, not in the traditional sense of what a client/attorney relationship would be, Administrative Order 15, Section 5 does require her to present evidence and facts to the Court that would support her recommendation, and that the Rules of Evidence still apply as to hearsay and otherwise.

That being said and accepted, if that were accepted, then she's also in violation of the Professional Rules of Conduct 3.7 because she is both advocating and serving as a witness. The

Court has prohibited attorneys testifying on behalf of their own clients. Even affidavits attached to motions or briefs that are—where the affiant is the attorney are hearsay and not admissible.

CIRCUIT COURT: Okay, I hear your objection. It is noted. I overrule it. I believe Ms. Burnett is not in violation of the model rules and is in compliance with the Administrative Order. And P–1 will be received and is hereby received over [Mr. Tracy's] objection.

At the conclusion of the hearing, the circuit court left custody with Ms. Dennie and awarded Mr. Tracy standard visitation. An order memorializing the circuit court's ruling was entered, and Mr. Tracy filed a timely notice of appeal.

█ For his sole point on appeal, Mr. Tracy argues that the circuit court erred in admitting the attorney ad litem's report into evidence, as it contained hearsay and violated the Arkansas Rules of Professional Conduct. He contends that instead of admitting the ad litem's report, the ad litem should be permitted to present evidence, including the calling of witnesses, to allow for cross-examination and to permit the fact-finder the ability to determine the credibility of the witnesses. He concludes that though Arkansas Supreme Court Administrative Order No. 15 requires some adherence to the Arkansas Rules of Civil Procedure and the Arkansas Rules of Professional Conduct, the rules should not be compromised more than is necessary to allow attorneys ad litem to perform their duties.[1]

Ms. Dennie responds that the attorney ad litem in the instant case acted in accordance with Ark. Sup.Ct. Admin. Order No. 15, which she asserts provides internal safeguards to protect the reliability of an ad litem's report. She avers that an attorney, acting independently in the capacity of an ad litem, is in a position to accurately report the inconsistent and consistent statements of individuals interviewed. She claims that such a report is reliable and trustworthy, but that if suspect, is susceptible to impeachment by reasonable and available means by either party.

The attorney ad litem also responds, countering that, as an advocate for the child's best interest, an attorney ad litem may present oral and written arguments. She further contends that an ad-litem report is not hearsay, because such a report is not presented for the truth of the matter asserted, but even if it was, such a report falls within the reports exception of Arkansas Rule of Evidence 803(8) and is also admissible under Arkansas Rule of Evidence 802. She urges that even if it was error for the circuit court to admit her report, Mr. Tracy was not prejudiced because there was plenty of evidence from which the circuit court could conclude that it was in M.T.'s best interest to remain in Ms. Dennie's custody. Finally, she maintains, any discussion regarding Rule 3.7 of the Rules of Professional Conduct is irrelevant because she was not called as a witness.

█ Evidentiary rulings are a matter of discretion and are reviewed only for abuse of that discretion. *See Taylor v. Taylor*, 345 Ark. 300, 47 S.W.3d 222 (2001). At issue here is whether the circuit court

---

1. On several occasions, Mr. Tracy asserts to this court that his "rights" or "due process rights" were violated; however, a review of the objections raised by Mr. Tracy to the circuit court reveals no allegations of a due process violation. Arguments not raised below, even constitutional ones, are waived on appeal. *See Hunter v. Runyan*, 2011 Ark. 43, 382 S.W.3d 643.

abused its discretion in overruling Mr. Tracy's objections to the admission of the attorney ad litem's report on two grounds: hearsay and a violation of the Rules of Professional Conduct. We hold that the circuit court did not abuse its discretion.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," and it is not admissible except as provided by law or our rules. Ark. R. Evid. 801(c), 802 (2011). A statement is an oral or written assertion. *See* Ark. R. Evid. 801(a)(1). Here, a review of the attorney ad litem's report indeed reveals many statements made by persons other than the ad litem, including Mr. Tracy, Ms. Dennie, Mr. Tracy's father, and Mr. Tracy's wife, which led to the ad litem's recommendation on custody. However, to the extent that these statements or the recommendation itself could be considered hearsay, we hold that they were clearly admissible.

As already noted, even hearsay is admissible, if provided by law or by our rules. *See* Ark. R. Evid. 802. Our Administrative Order No. 15(V) sets forth the standards of practice for attorneys ad litem in domestic-relations cases when custody is an issue. It specifically directs, in pertinent part, that the attorney ad litem

shall conduct an independent investigation consisting of review of all relevant documents and records. The ad litem shall interview the child, parents, and others having relevant knowledge to assist in representation....

b. An attorney ad litem shall determine the best interest of a child by considering such custody criteria as:

(1) Moral fitness factors: integrity, character, compassion, sobriety, religious training and practice, a newly acquired partner regarding the preceding elements;

(2) Stability factors: emotional stability, work stability, financial stability, residence and school stability, health, partner stability;

(3) Love and affection factors: attention given, discipline, attitude toward education, social attitude, attitude toward access of the other party to the child, and attitude toward cooperation with the other party regarding the child's needs;

(4) Other relevant information regarding the child such as stated preference, age, sex, health, testing and evaluation, child care arrangements; and regarding the home such as its location, size, and family composition.

c. An attorney ad litem shall appear at all hearings to represent the best interest of the child. All relevant facts should be presented to the court and if the child's wishes differ from the ad litem's determination of the child's best interest, the ad litem shall communicate the child's wishes to the court, as well as the recommendations of the ad litem.

d. An attorney ad litem shall file appropriate pleadings on behalf of the child, call witnesses, participate fully in examination of witnesses, present relevant evidence, and advocate for timely hearings.

. . . .

f. An attorney ad litem shall make recommendations to the court for specific and appropriate services for the child and the child's family. All recommendations shall likewise be communicated to the attorneys for the parties, or if a party is pro se, then to the party.

Ark. Sup.Ct. Admin. Order No. 15(V) (2011). Because this court requires that an attorney ad litem present all relevant facts, communicate the child's wishes, and *shall* make a recommendation to the cir-

cuit court, each of these must necessarily be deemed admissible pursuant to this court's order such that the circuit court can take them into its consideration. To hold otherwise would be simply illogical. Because the report's contents and recommendation were admissible by law or our rules, even if hearsay, we cannot say that the circuit court abused its discretion in admitting the attorney ad litem's report into evidence over Mr. Tracy's hearsay objection.

■ We turn then to Mr. Tracy's claim that the admission of the report violated Rule 3.7 of the Arkansas Rules of Professional Conduct, which provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) Reserved.

Ark. R. Prof'l Conduct 3.7 (2011). Pursuant to Order No. 15(V), an attorney ad litem is, in fact, an advocate; however, the plain language of the order makes clear that he or she is an advocate for the best interest of the child, not necessarily for the child himself, whose wishes might differ from what the ad litem considers to be in the child's best interest. *See* Ark. Sup.Ct. Admin. Order No. 15(V)(c). Be that as it may, our rules of professional conduct clearly preclude an attorney from being an advocate where he or she is likely to be a necessary witness. *See Weigel v. Farmers Ins. Co.*, 356 Ark. 617, 158 S.W.3d 147 (2004).

■ Here, however, the record does not reflect that the attorney ad litem testified as a witness, nor can we say she was likely to be a necessary witness. This is especially true where our order specifically contemplates that an attorney ad litem will directly communicate the relevant facts, the child's wishes, and his or her recommendation to the circuit court. Moreover, it is clearly within a party's ability, here, Mr. Tracy's ability, to dispute the attorney ad litem's recommendation, such as by calling witnesses or through the arguments of counsel. Because it is not otherwise apparent that an attorney ad litem in a custody dispute is "likely to be a necessary witness," we cannot say that the admission of an ad litem's report is violative of Ark. R. Prof'l Conduct 3.7. Accordingly, we cannot say that the circuit court abused its discretion in overruling Mr. Tracy's objection on this basis and in admitting the attorney ad litem's report.

For all of the foregoing reasons, we affirm.

BROWN, BAKER, and GOODSON, JJ., concur.

ROBERT L. BROWN, Justice, concurring.

I agree with the majority that this case should be affirmed, but I write separately to note that we have held that in a bench trial, the trial judge is capable of evaluating the evidence and separating the wheat from the chaff. *See In re Adoption of K.F.H.*, 311 Ark. 416, 844 S.W.2d 343 (1993). Even if some chaff, in the form of hearsay statements, was admitted into evidence, the rules of evidence do not apply with the same strictness to a nonjury case where the judge has training in evaluating the evidence. *See Butler v. Dowdy*, 304 Ark. 481, 803 S.W.2d 534 (1991). The circuit court did not commit reversible error in its admission of the attorney ad

litem's report, and, therefore, I concur with the majority's conclusion that this case should be affirmed.

KAREN R. BAKER, Justice, concurring.

I agree with the majority that the trial court's decision in this case must be affirmed. However, I write separately because I disagree with the majority's holding that the attorney ad litem's report was "clearly admissible."

Under the Arkansas Rules of Evidence, hearsay is defined as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ark. R. Evid. 801(c). An attorney ad litem's report constitutes hearsay under this definition. The report contains out-of-court statements made by witnesses who were interviewed in the course of the attorney ad litem's investigation. Furthermore, Rule 802 of the Arkansas Rules of Evidence does not govern the report, as the majority suggests, because the admissibility of an attorney ad litem's report is not specifically authorized by Arkansas law. The majority correctly notes that our Administrative Order No. 15(V) directs the attorney ad litem to interview "the child, parents, and others having relevant knowledge to assist in representation" and to present relevant facts and recommendations to the court; however, nowhere in our rules is the attorney ad litem required to submit a report containing third-party statements. Ark. Sup.Ct. Admin. Order No. 15(V) (2011).

Without considered analysis, the majority determines the attorney ad litem's report to be synonymous with the required recommendation to the court, thus arriving at the conclusion that the report is necessarily admissible. Nevertheless, the rules stipulate that the attorney ad litem's recommendation to the court should relate to the "specific and appropriate services for the child and the child's family." Ark. Sup.Ct. Admin. Order No. 15(V) (2011). Therefore, the report and the recommendation are separate and distinct components of the attorney ad litem's investigation. As a result, the report, to the extent that it contains out-of-court statements and is not governed by a hearsay exception, is not admissible.

I concur, however, because the trial court's error in admitting the report was harmless in light of the court's consideration of other admissible evidence in the record. Appellant fails to point to any specific prejudice he suffered as a result of the trial court's admission of the report. *Reid v. Arkansas Dep't of Human Servs.*, 2011 Ark. 187, 380 S.W.3d 918. Furthermore, the statements contained in the report were corroborated at trial through the direct testimony of those interviewed. This court has held that unless an appellant demonstrates prejudice accompanying error, we will not reverse. *House v. Volunteer Transp., Inc.*, 365 Ark. 11, 223 S.W.3d 798 (2006).

Accordingly, I concur.

COURTNEY HUDSON GOODSON, Justice, concurring.

The majority holds that Administrative Order No. 15 is the passkey that gives a party or an attorney ad litem (AAL) license to admit hearsay via the ad litem's report. I concur in the decision to affirm the circuit court's ruling on the hearsay issue but only because this question is not preserved for appeal.

The attorney ad litem's report contained the substance of her interviews with Mr. Tracy, Ms. Dennie, Ms. Dennie's psychiatrist, Mr. Tracy's father, and Mr. Tracy's

wife. At the hearing, Mr. Tracy asserted that the entire report was inadmissible as violating the rule against hearsay. However, not all of the out-of-court statements found in the report qualify as hearsay. For instance, the statements attributed to Mr. Tracy and Ms. Dennie are admissions by a party-opponent that are specifically exempt from the hearsay rule. Ark. R. Evid. 801(d)(2). Our case law requires that an objection be sufficiently specific to apprise the circuit court of the particular error complained of; otherwise, the right of appellate review is not preserved. *Blanchard v. State*, 2009 Ark. 335, 321 S.W.3d 250; *Reynolds v. Shelter Mut. Ins. Co.*, 313 Ark. 145, 852 S.W.2d 799 (1993); *Acme Brick Co. v. Mo. Pac. R.R. Co.*, 307 Ark. 363, 821 S.W.2d 7 (1991). Thus, when only a portion of evidence offered is objectionable, the circuit court is not required to sustain an objection to the whole document. *See Bunn v. State*, 320 Ark. 516, 898 S.W.2d 450 (1995); *Vasquez v. State*, 287 Ark. 468, 701 S.W.2d 357 (1985). It is the duty of the party making the objection to separate the admissible parts from the inadmissible. *Vasquez, supra.* Because Mr. Tracy failed to specify which portions of the report he deemed were inadmissible as hearsay, the circuit court was not required to exclude the entire report, and consequently, the hearsay issue is not preserved for appeal. Therefore, I would affirm the circuit court's ruling without addressing the merits of the argument.

I could end this concurring opinion without discussing the wisdom of this court's decision. However, I am compelled to renounce the majority's analysis of this important hearsay issue since it has ignored the procedural bar that should prohibit this court from entertaining this question. Although not set forth in the majority opinion, the AAL's report |₁₂includes out-of-court statements made to the AAL by Ms. Dennie's psychiatrist:

Ms. Dennie admits that she has been somewhat depressed and that she may be bipolar. However, the counselor had told her that he did not think she was bipolar, but she does take Lemactil or Welbutrin now. In fact, Dr. Thapa, a staff psychiatrist from the Counseling Clinic, reported that she had treated her since December 2009, and that she has responded well to the medication for a mood disorder and ruled out any major depressive disorder. Further, that she was in remission and only sees her for maintenance, and Dr. Thapa believes her mental health in no way affects her ability to be a good parent.

The AAL also recounted her interview with Harold Tracy, Mr. Tracy's father:

The Elder Mr. Tracy indicated that from personal observations of him and his wife, Ms. Dennie was an excellent mother. The elder Mr. Tracy explained that he and his wife were so disappointed in the way their son treated [M.T.]. For example, when Ms. Dennie asked Mr. Tracy to watch [M.T.], he would refuse and would not help out with [M.T.] at all. In fact, he explained that his son would not even pick [M.T.] up and that he just refused to help out with him.

The elder Mr. Tracy remembered once that Ms. Dennie asked Mr. Tracy to just hold [M.T.] while she bathed, and he just would not do it. Mr. Tracy explained that he believes his son cares more about being on his computer than spending time with [M.T.] He told me he has seen his son act that way toward [M.T.] several times. The elder Mr. Tracy explained that his son was an over the top perfectionist and keeps his home immaculate. He also said that he and his wife believe Ms. Dennie has done a marvelous job with [M.T.], and they have witnessed her being a loving and very at-

tentive mother. He explained that one time while Ms. Dennie and [M.T.] were visiting that he noticed how she was very helpful to his wife while being able to care for [M.T.], too. He said that she picked up after herself and [M.T.], helped with the dishes, made sure the bedroom she stayed in was clean and the bed made before leaving. He reported that Ms. Dennie brings [M.T.] to see them occasionally and that she is always welcome. The elder Mr. Tracy admitted that he and his son have a strained relationship and that he is as much at fault for that as his son is.

"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Ark. R. Evid. 803(c). Without question, and it would be naive to think otherwise, the out-of-court statements made by Dr. Thapa and Harold Tracy were offered for the truth of the matters asserted and are thus hearsay. These statements do not fit within any of the well-recognized exceptions to the rule against hearsay found in Rules 803 and 804 of the Arkansas Rules of Evidence. Consequently, they are inadmissible. I am also not able to conclude that the admission of these statements would be harmless. Mr. Tracy questioned Ms. Dennie's mental and emotional stability, and the statements of Dr. Thapa undercut that argument with the force of expert testimony. Also, Ms. Dennie asserted that Mr. Tracy had not been attentive to the child and had only recently shown an interest in him. The statements made by Harold Tracy, Mr. Tracy's own father, bolstered Ms. Dennie's allegation in that regard, while also heaping her with high praise. Thus, the admission of the report containing the out-of-court statements of these persons was indeed prejudicial.

In Arkansas, it is presumed that a trial judge in a bench trial will only consider competent evidence. *Marshall v. State,* 342 Ark. 172, 27 S.W.3d 392 (2000); *Mason v. Morel,* 234 Ark. 660, 354 S.W.2d 19 (1962). This presumption can be overcome only when there is an indication that the judge gave some consideration to inadmissible evidence. *Id.* Here, the circuit court specifically overruled Mr. Tracy's hearsay objection and expressly deemed the report and all its contents admissible "including findings of fact which ordinarily might be considered hearsay." The circuit court thus indicated its willingness to consider the report in its entirety, including those parts that are inadmissible. Therefore, the presumption that the circuit court did not consider the inadmissible portions of the report is overcome in this case.

Previously, in an early dependency-neglect case, this court recognized that the narrative report written by a social worker that contained the substance of conversations with persons who did not testify was hearsay and should not have been admitted into evidence. *Trannum v. George,* 211 Ark. 665, 201 S.W.2d 1015 (1947). In so holding, we declared: "Certainly the custody of a man's children ought not to be taken away from him on unsworn statements made out of court." *Id.* at 672, 201 S.W.2d at 1018. The majority is mistaken that Administrative Order No. 15 sanctions the admission into evidence of a similar report prepared by an attorney ad litem. Section (V) of the order makes clear that attorneys ad litem are to be advocates for the best interest of the child. To that end, an attorney ad litem is tasked with conducting an independent investigation, which includes reviewing all relevant documents and records and interviewing the parties and others who possess relevant knowledge. Admin. Order No. 15(V)(a). Conspicuously absent from the order is any requirement for the preparation of a

report that is to be admitted into evidence. Instead, the order contemplates traditional means of advocacy by filing pleadings, calling witnesses, and participating fully in the examination of witness called by the parties. Admin. Order No. 15(V)(d). Best-interest recommendations offered by an attorney ad litem pursuant to the administrative order should not be confused as a licence to place before the circuit court the substance of out-of-court information that would otherwise be barred by the rule against hearsay. Quite frankly, the order does not purport to bestow upon an attorney ad litem the special privilege of disregarding the rules of evidence.

The majority's decision in this case will likely affect the admission of such reports in cases involving the termination of parental rights and guardianship matters when an attorney ad litem is appointed. It should go without saying that the admission of hearsay deprives a party of the opportunity for cross-examination. A decade ago in *Arkansas Department of Human Services v. Huff*, this court upheld the circuit court's exclusion of a Colorado home-study. 347 Ark. 553, 65 S.W.3d 880 (2002). In that decision, we stressed the importance of the right of cross-examination in civil cases, especially in those where a fundamental liberty interest is at issue. We commented: "In a judicial investigation the right of cross-examination is absolute, and not a mere privilege of the one against whom a witness may be called." *Id.* at 560, 65 S.W.3d at 886 (quoting *Ark. Game & Fish Comm'n v. Kizer*, 221 Ark. 347, 351, 253 S.W.2d 215, 218 (1953)). Regrettably, the majority strays from the lessons espoused by this precedent, and in so doing, invites a due-process challenge to Administrative Order No. 15, as applied by this court. For this reason and those expressed above, if the hearsay issue had been preserved for appeal, I would not hold that the report of an attorney ad litem is immune from the rule against hearsay.