Atha *v.* State.

4628                                     232 S. W. 2d 452

Opinion delivered June 19, 1950.

Rehearing denied October 2, 1950.

*Tom Kidd,* for appellant.

*Ike Murry,* Attorney General and *Robert Downie,* Assistant Attorney General, for appellee.

LEFLAR, J. Defendant Atha was convicted of the crime of operating an automobile "upon the public highway while under the influence of intoxicating liquors" in violation of Ark. Stats. (1949 Supp.), § 75-1023 (Act 255 of 1949).

As one ground for appeal, defendant questions the sufficiency of the evidence to support the jury's verdict. The evidence on which defendant was convicted included the testimony of the sheriff and a deputy sheriff who were driving late at night in a car a little behind the car which defendant was driving. Both these witnesses stated that defendant was zig-zagging from side to side as he drove down Washington street near the courthouse in Murfreesboro, and that he staggered and smelled of whiskey when they stopped his car and ordered him out of it a few moments later. Several witnesses for defendant testified that they had been with him during various parts of the evening, that they had not seen him take a drink, and that he did not appear to be intoxicated. Defendant himself testified that he had not had a drink of liquor for several weeks. Under this state of the evidence the jury was free to decide the case either way. We cannot say that its verdict of "Guilty" was without substantial evidence to support it.

Defendant also complains that there was a variance between the indictment and the proof, in that the indictment alleged drunken driving on a "public highway" whereas the evidence showed that defendant was driving on Washington street in Murfreesboro. We do not regard this as a variance at all. Assuming that Washington street is not on a state-numbered highway, it is still itself a "public highway" according to the "usual acceptation in common language" which by Ark. Stats., § 43-1023, we are required to employ in construing the words of an indictment. Defendant was in no wise misled by the words used. He knew that Ark. Stats. (1949 Supp.), § 75-1023, under which he was indicted, made it a crime to drive while intoxicated "upon any of the highways, streets or roadways within the State of Arkansas," and the evidence made it clear that he knew at all times that he was being charged specifically with drunken driving on Washington street in Murfreesboro. There could not possibly have been any "prejudice of the substantial rights of the defendant on the merits" within the meaning of Ark. Stats., § 43-1012.

Complaint is made of the fact that the Circuit Clerk was allowed to testify that the defendant had previously been convicted of drunken driving. The statute under which he was tried, in a later section, specifically authorizes such evidence for the purpose of imposing a heavier penalty in event of second or subsequent convictions for driving while drunk. Ark. Stats. (1949 Supp.), § 75-1024. The Circuit Judge expressly told the jury that the evidence was admitted for this and no other purpose. There was no error in this.

Finally defendant argues there was error in allowing him to be cross-examined, when he voluntarily took the stand as a witness for himself, about prior convictions for drunkenness and bootlegging. Such questioning on cross-examination is proper, for the purpose of testing credibility of the witness. *Benson* v. *State,* 103 Ark. 87, 145 S. W. 883; *Bockman* v. *Rorex,* 212 Ark. 948, 208 S. W. 2d 991. The Court properly instructed the jury that cred-

ibility was the only issue upon which this testimony should be considered.

No error appearing, the judgment of the Circuit Court is affirmed.