Francis v. City of Benton

5-5198                                    402 S. W. 2d 110

Opinion delivered May 2, 1966

J. B. Milham, for appellant.

Bruce Bennett, Attorney General, Fletcher Jackson, Asst. Attorney General, for appellee.

Guy Amsler, Justice. On May 3, 1965, appellant Billy Francis was convicted in the Municipal Court of Benton, Arkansas, on a charge of driving a motor vehicle while under the influence of intoxicants, subsequent offense. A timely appeal to the Circuit Court was effected.

Trial to the jury in Circuit Court on October 26, 1965, resulted in a verdict of guilty and appellant's punishment was fixed at $500.00 and six months in jail. The guilt or innocence of the appellant and the punishment to be imposed, if found guilty, were questions submitted at the same time and a form of the verdict containing both findings was furnished the jury. It is significant that the jury noted on the verdict "If this man is an alcoholic we recommend that he has medical help." Motion for a new trial was overruled and this appeal followed.

Appellant's motion for a new trial contains five alleged errors by the trial court. Since the case must be remanded we will discuss only one point. Over Francis' objection the City attorney was permitted to tell the jury in his opening statement that "He had within one year previous been convicted of a previous offense."

Records of the City of Benton Municipal Court were admitted in evidence and these established that appellant was before the court on March 21, 1964, charged with driving while under the influence and driving without a driver's license. He entered a plea of nolo contendere to the first count and guilty to the second. Penalties were assessed on both charges.

The second docket sheet admitted in evidence reflects that appellant was again in the Benton Court on March 3, 1965, charged with driving under influence of intoxicating liquor—subsequent offense—and was convicted following a plea of not guilty. Statutory penalties were assessed.

Prior to *Miller* v. *State,* 239 Ark. 836, 394 S. W. 2d 601 (1965), the city attorney's opening statement and the proof of prior convictions [except those over one year old, Ark. Stat. Ann. § 75-1029 (Repl. 1957) ] could perhaps be sustained under our holdings in *Atha* v. *State,* 217 Ark. 599, 232 S. W. 2d 452; *Rowe* v. *State,* 224 Ark. 671, 275 S. W. 2d 887; *Clubb* v. *State,* 230

Ark. 688, 326 S. W. 2d 816; and other cases. In these cases it appears that constitutional questions were not raised as they were in *Miller* v. *State, supra.*

In the Miller case, (opinion handed down October 18, 1965), we held that to permit the introduction of evidence of prior convictions during the trial on the primary charge was tantamount to a denial of due process and therefore unconstitutional. Mr. Justice Robinson with considerable particularity set forth the modus operandi that should be followed by the trial courts in handling "subsequent offense" cases. It is obvious that the prescribed procedure was not followed in the trial of appellant Francis and that therefore the cause must be returned to the Circuit Court for a new trial.

Reversed and remanded.