Robert Lee MARSHALL, a/k/a Robert
Lee JONES *v.* STATE of Arkansas

CR 78-58                                570 S.W. 2d 261

Opinion delivered September 11, 1978
(Division II)

*John W. Achor,* Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *James E. Smedley,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Robert Lee Marshall, who is also known as Robert Lee Jones, was convicted in the Pulaski County Circuit Court of terroristic threatening and three counts of aggravated robbery. He was sentenced to a total of twenty-three years in the Arkansas Department of Correction.

On appeal he alleges one error: the trial court should have granted a mistrial when a state's witness mentioned other criminal conduct of Marshall's that was not the subject of his trial. We find no error.

Marshall was tried before the judge without a jury and reference was made by a police officer to other criminal misconduct. The officer, in testifying, related that Marshall was originally detained because he was suspected of driving a stolen vehicle. At this point Marshall's attorney moved for a mistrial. The court sustained the objection to the reference to the stolen vehicle and stated the evidence would not be considered. The trial court was correct in its ruling.

The issue raised is very similar to that discussed in a recent decision of ours, *Hickey* v. *State,* 263 Ark. 809, 569 S.W.

2d 64 (1978), concurring opinion issued on denial of rehearing on September 5, 1978.

In the *Hickey* case the trial court, sitting as a jury, permitted, over the defendant's objection, testimony of a police officer that referred to a previous conviction of Hickey's. The officer was reading a confession by Hickey when reference was made to the fact that Hickey was on parole for burglary. We found the admission of the evidence to be prejudicial error. The reference to previous misconduct was not admissible under Ark. Stat. Ann. § 28-1001, Rule 404(b) (Supp. 1977).

We rejected the argument that a trial before a judge, sitting as a jury, should be treated differently from a case tried to a jury when the issue of prejudice from this type of evidence is admitted; and the court, overruling a proper objection to inadmissible evidence, presumably considered it.

The difference in this case and the *Hickey* case is simply that in *Hickey* the trial judge overruled the defendant's objection to the reference to prior criminal misconduct; we, therefore, assume that the court considered the evidence. In this case the trial judge sustained the objection to the reference to other misconduct and stated that the evidence would be disregarded.

Therefore, in the absence of any other evidence to the contrary, we find no prejudicial error requiring the conviction of Marshall to be reversed. *Cary v. State,* 259 Ark. 510, 534 S.W. 2d 230 (1976).

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and BYRD, JJ.