James Carter SUMMERLIN *v.* STATE of Arkansas

CA CR 82-73                                                        643 S.W.2d 582

Court of Appeals of Arkansas
Opinion delivered December 15, 1982
[Rehearing denied January 12, 1983.]

11

*William R. Simpson, Jr.,* Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. James Carter Summerlin appeals his conviction for sexual abuse in the first degree.

Appellant was charged by information which alleged he unlawfully engaged in certain acts of sexual contact with a young boy, and was tried before the court sitting without a jury. The state presented testimony from the eleven-year-old boy, from the child's grandmother, who testified as to what she said the child related to her shortly after the alleged incident concerning acts committed by appellant, and from three other witnesses. The appellant testified and denied ever engaging in any kind of sexual contact or conduct with the child.

The trial court found appellant guilty and imposed a sentence of five years and a fine of $3,500.00. The only point raised on appeal is appellant's contention that he was denied a fair and impartial trial because of improper and irrelevant cross-examination by the state.

During the state's cross-examination of appellant, the following occurred:

Q [By the deputy prosecuting attorney]: Mr. Summerlin, you said you were in the Navy?

A: Yes, sir.

Q: What kind of discharge did you get?

A: Honorable.

Q: Isn't it true that it's less than an honorable discharge?

A: No, sir.

Q: Were you kicked out of the service for exactly the same thing you're charged with here today?

A: No, sir.

[Defense counsel]: I would object to that, Your Honor. I don't think he has any proof of that and I don't think it's relevant.

[Deputy prosecutor]: I can state my offer.

[The Court]: What is your offer?

[Deputy prosecutor]: What he told the —

[Defense counsel]: I don't think that's —

[Deputy prosecutor]: What he told the psychiatrist out there when he was being —

[Defense counsel]: And that's not relevant. And I'm going to move for a mistrial, Your Honor.

[The Court]: We're not going to get a mistrial, Mr. Simpson. We're going to —

[Defense counsel]: He's basing this on hearsay.

[The Court]: We're going to try this case. He's in cross-examination, and he can ask him, and Mr. Summerlin can certainly deny it.

. . . .

[Deputy prosecutor]: You never told the psychiatrist that?

[Summerlin]: No, sir.

Appellant contends these questions about prior misconduct were highly improper and prejudicial and require reversal of his conviction, citing the Arkansas Uniform Evidence Rule 608 (b) and several recent cases applying that rule. The rule states:

> (b) Specific Instances of Conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

In *Gustafson v. State*, 267 Ark. 278, 590 S.W.2d 853 (1979), the Arkansas Supreme Court considered the application of Rule 608 (b), and listed the following circumstances under which questions about prior misconduct may be

asked for purposes of impeachment: (1) the questions must be asked in good faith; (2) the probative value must outweigh the prejudicial effect; and (3) the misconduct must relate to truthfulness or untruthfulness. Clearly, *Gustafson* limited the permissible scope of such cross-examination to the witness's veracity, not the witness's alleged predilections.

In *Harper* v. *State*, 1 Ark. App. 190, 614 S.W.2d 237 (1981), we reversed the appellant's conviction for the sexual abuse of a nine-year-old girl because the prosecutor had cross-examined the appellant about an act, similar to the one with which he was charged, allegedly committed by the appellant on the girl prior to the time of the incident for which he was on trial. Relying on *Gustafson*, we held it error for the state to ask about the earlier act because the state's questions did not relate to Harper's credibility or veracity, but went instead to his propensity for the act charged.

In the instant case, the appellant concedes that the deputy prosecutor did not ask the questions about appellant's service discharge in bad faith under the *Gustafson* rule. But he contends that this line of questioning was improper because it did not deal with appellant's character for truthfulness and had no probative value. We have to agree and we point out that *Gustafson* specifically held that it is *not* correct to say that a negative answer to an improper question results in no prejudicial error. In fact, the opinion states, "There is no doubt that such a question harms a defendant's case." 267 Ark. at 291. Since specific acts of misconduct may not be proved by extrinsic evidence, *Gustafson* teaches that a prosecutor hazards a reversal when he asks about prior misconduct and does not get an answer of probative value as to the witness's truthfulness or untruthfulness.

The state argues that there is a significant difference between this case and *Gustafson* because there was no jury here and correctly points out that in cases tried by a judge without a jury the judge is presumed to have considered only competent evidence. The state agrees, however, that this presumption is overcome "where there is an indication that

the trial judge did give some consideration to the inadmissible evidence." *Clinkscale* v. *State*, 269 Ark. 324, 602 S.W.2d 618 (1980).

The excerpt from the transcript set out above does not answer our problem as clearly as we would like. But we think there were sufficient objections to the questions asked, *see* Uniform Evidence Rule 103 (a) (1), and the trial judge did not *sustain* the objections and he did not *say* he would not consider the questions. In *Marshall* v. *State*, 264 Ark. 210, 570 S.W.2d 261 (1978), the court said:

> The difference in this case and the *Hickey* case is simply that in *Hickey* the trial judge overruled the defendant's objection to the reference to prior criminal conduct; we, therefore, assume that the court considered the evidence. In this case the trial judge sustained the objection to the reference to other misconduct and stated that the evidence would be disregarded.

We also note that appellant was given a five-year sentence which was only one year less than the maximum, *see* Ark. Stat. Ann. § 41-1808 (2) (Repl. 1977) and § 41-901 (1) (e) (Supp. 1981), and that he was also fined $3,500.00 and the maximum fine was $10,000.00, *see* Ark. Stat. Ann. § 41-1101 (1) (b) (Repl. 1977).

In *McCarley* v. *State*, 257 Ark. 119, 514 S.W.2d 391 (1974), the court said that in determining whether inadmissible testimony is prejudicial it is proper to consider its effect upon the defendant's credibility and to consider the severity of his punishment.

Given the fact that the objections to the questions were not sustained, considering the effect the implications of the questions could have upon appellant's credibility in regard to his denial of the charges against him, and looking at the sentence imposed, we have concluded his conviction should be reversed and the matter remanded for a new trial.

Reversed and remanded.