Robert OLIVER *v.* STATE of Arkansas

CR 84-174                                                      682 S.W.2d 745

Supreme Court of Arkansas
Opinion delivered January 21, 1985

*R. W. Laster*, for appellant.

*Steve Clark*, Att'y Gen., by: *Velda P. West*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant, Robert Oliver, was convicted of violating the Omnibus DWI Act of 1983. On appeal he challenges the sufficiency of the evidence and the interpretation and construction of a section of the act, Ark. Stat. Ann. § 75-2502(a). The pertinent section reads;

> "Intoxicated" means influenced or affected by the ingestion of alcohol, a controlled substance, or a combination thereof, to such a degree that the driver's reactions, motor skills and judgment are substantially impaired and the driver, therefore, constitutes a clear and substantial danger to himself and other motorists or pedestrians.

The gist of the argument is that because the state failed to present any evidence as to appellant's reactions, motor skills and judgment under normal conditions, it necessarily failed to prove these responses had been substantially impaired. The appellant argues that in any case the state failed to show he was intoxicated as that term is defined under § 75-2502(a).

Appellant's argument is without merit. The statute is clearly intended to describe and measure behavior that is so substantially altered that it presents a danger to the driver and others. The driver's skills under normal conditions are immaterial. It is driving with those skills impaired to the extent that it causes the danger outlined in the statute that brings the driver within the proscribed activity.

In this case it is quite evident appellant's driving skills were sufficiently impaired to create a substantial danger to himself and others. The arresting officer testified he clocked the appellant's car going 62 miles per hour in a 45 miles per hour zone. He said the appellant's oncoming vehicle was making a curve and traveling left of the center line causing the officer to have to dodge the car. The officer turned

around, followed appellant and at one point observed him traveling completely over the center line. He stopped the car and gave the appellant a field sobriety test. Appellant was able to touch the tip of his nose with his left finger but missed entirely with his right. The officer gave appellant a dexterity test by starting with the small finger and counting up to four and reversing: one, two, three, four, four, three, two, one. The officer asked him to do it twice. Appellant responded with "four, one, three, two, four, four," and then made no further attempt to finish the test. Appellant, he said, became so abusive and threatening that he handcuffed him. The chief photographer for a television station who was accompanying the arresting officer corroborated the officer's testimony and testified that the odor of alcohol was present after the appellant got in the patrol car with them. The supervising officer who met the appellant at the detention center testified the appellant appeared to be very intoxicated, that his face was flushed, his eyes bloodshot, his speech slurred and that he was unsteady on his feet. Appellant admitted to drinking up to five beers between 12:00 a.m. and 2:00 a.m.

Under our prior DWI laws we have found similar evidence sufficient to sustain a conviction of driving while under the influence of intoxicants. See *Walker* v. *State*, 241 Ark. 396, 408 S.W.2d 474 (1966); *Atha* v. *State*, 217 Ark. 599, 232 S.W.2d 452 (1950). While the language of our previous statutes, Acts 1949, No. 255, differs from the act now in force, we have no reason to find the superseding statute greater in its requirement of proof for conviction. To the contrary, the emergency clause of the Omnibus Act makes it clear the legislative intent was to create a strict statutory scheme to deter potential intoxicated drivers.

> It is hereby found and determined by the Seventy-Fourth General Assembly that the act of driving a motor vehicle while under the influence of intoxicating alcoholic beverages or drugs constitutes a serious and immediate threat to the safety of all citizens of this State, and that increasing the penalty for this dangerous conduct may serve as a deterrent to such behavior.

There was substantial evidence presented in this case to sustain a conviction of driving while intoxicated under Ark. Stat. Ann. § 75-2503(a) and the judgment is affirmed.