## Sim MITCHELL, Jr. *v.* CITY OF NORTH LITTLE ROCK

CA CR 85-36                                     692 S.W.2d 624

Court of Appeals of Arkansas
Division I
Opinion delivered July 10, 1985

*William H. Craig,* for appellant.

*Steve Clark,* Att'y Gen., by: *Mary Beth Sudduth,* Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. In this non-jury criminal case, the appellant was convicted in Pulaski County Circuit court of driving while intoxicated. He was fined $250.00 plus costs, sentenced to serve 24 hours in jail, ordered to attend an alcohol abuse program, and his driver's license was suspended for 90 days. From that decision, comes this appeal.

On September 30, 1983, the appellant was arrested by North Little Rock police officers Bush and Griffo. Officer Bush (the only witness for the appellee) testified that he and Officer Griffo had followed the appellant's car for approximately one-quarter mile as it weaved in its traffic lane. Officer Bush stated that he and Officer Griffo stopped the appellant and observed that he was unsteady on his feet, had slurred speech, and that his eyes were bloodshot. Officer Bush testified that he observed Officer Griffo administer two field sobriety tests which he, Officer Bush, thought the appellant failed. Based on the officers' observation of the appellant, they arrested him for DWI.

Officer Bush testified that, on the way to the jail, he informed the appellant of the implied-consent law and of his right to have an independent chemical analysis administered to test for the presence of alcohol. He stated that he gave the appellant a statement of rights form, containing both the *Miranda* warnings and the DWI provisions. He testified that the appellant indicated that he understood the form and then signed it. The breathalyzer test was subsequently administered.

Officer Bush was asked whether the machine had been calibrated within twenty-four hours of the time the test was administered. The appellant objected to this testimony, alleging that it was hearsay, and the trial court sustained the objection. Officer Bush was asked to state the results of the test, and again the appellant objected. The court overruled this objection and Officer Bush testified that the appellant registered 0.20%. The officer testified that, in his opinion, the appellant was intoxicated.

On cross-examination, Officer Bush testified that the appellant was informed that he could have an additional test of his blood or urine, but that he was not informed that he could have an additional test of his breath. Officer Bush testified that the appellant did not request an additional test. However, the statement of rights form shows that the appellant requested an additional test when he signed the form. When the city rested its case the appellant renewed his objection to the breathalyzer test results, not only because of the failure to show that the machine had been properly calibrated, but also because he had not been informed of his right to have an independent test of his breath, coupling this with a motion for a directed verdict. These motions

were denied. The appellant presented no evidence. The trial court found the appellant guilty of DWI, specifically noting that his finding of guilt was not based on Ark. Stat. Ann. Section 75-2503(b) (Supp. 1983), which makes the presence of a blood-alcohol level exceeding 0.10% the basis for a mandatory conviction, but was instead based on Section 75-2503(a), which makes it unlawful for an intoxicated person to operate or be in actual control of a motor vehicle.

The appellant contends on appeal that there was insufficient evidence to sustain his conviction and that the blood alcohol test results were erroneously admitted into evidence. The appellee concedes that the test results were improperly admitted into evidence, but contends on appeal that the error was harmless because the appellant was not convicted under Section 75-2503(b). The appellee further argues that there is substantial evidence present to support the conviction. We agree that the evidence is sufficient to support the conviction, but we hold that the admission of the breath test results was prejudicial error. Therefore we reverse and remand.

In *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), the Arkansas Supreme Court determined that we are required to review the sufficiency of the evidence *prior* to considering any alleged trial errors. In reviewing the evidence, says *Harris*, we must consider all the evidence, including that which was inadmissible. 284 Ark. at 251. We review the evidence in the light most favorable to the appellee, and we affirm if there is substantial evidence to support the verdict. *Wilson* v. *State*, 10 Ark. App. 176, 662 S.W.2d 204 (1983). Substantial evidence must do more than merely create a suspicion, and must be of sufficient force and character so as to force the mind beyond conjecture and compel a conclusion one way or the other with reasonable certainty. *Harris*, 284 Ark. at 252.

Turning to the evidence adduced in the case at bar, the testimony revealed that the appellant was unsteady on his feet, his speech was slurred, and his eyes were bloodshot. He failed to satisfactorily complete two field sobriety tests as well as the breathalyzer test. The officer who made these observations, and who administered the breath test, opined that the appellant was intoxicated. Similar evidence has been held sufficient to sustain a

conviction for DWI under Section 75-2503(a). *See Oliver* v. *State*, 284 Ark. 413, 682 S.W.2d 745 (1985). Therefore, considering all the evidence which was before the trier of fact, we find substantial evidence to support the appellant's conviction.

■ As to the question regarding the correctness of the trial court's ruling on the admissibility of the breathalyzer test results, we note that the appellant was not advised of the full range of tests available to him. The appellant requested an additional test; this test was not given, nor was the appellant aided in obtaining another test. The breathalyzer test results were inadmissible. Ark. Stat. Ann. Section 75-1045 (c)(3) (Supp. 1983); *Whaley* v. *State*, 11 Ark. App. 248, 669 S.W.2d 502 (1984).

■■ While there is a presumption that a trial judge will only consider competent evidence, this presumption can be overcome when there is an indication that the judge gave some consideration to inadmissible evidence. *Clinkscale* v. *State*, 269 Ark. 324, 602 S.W.2d 618 (1980); *Summerlin* v. *State*, 7 Ark. App. 10, 643 S.W.2d 582 (1984). When a sufficient objection has been made, and the judge has not sustained it and has not said that he would not consider it, there is an indication that he has considered the inadmissible evidence. *See Summerlin*, 7 Ark. App. at 14-15. In the case at bar, the judge overruled the appellant's objection and, while he did say that he was not convicting the appellant under Section 75-2503(b), he did not say that he did not consider the test results. We fail to see how inadmissible evidence that the appellant's blood-alcohol level was 0.20% could be anything other than prejudicial to a determination that the appellant was intoxicated. Therefore, we reverse and remand for a new trial.

Reversed and remanded.

CRACRAFT, C.J., and CORBIN, J., agree.