Robert L. QUALLS *v.* CITY OF CLARKSVILLE

CA CR 86-99                                     719 S.W.2d 702

Court of Appeals of Arkansas
Division I
Opinion delivered November 19, 1986

*J. Marvin Holman*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. Appellant appeals a conviction for driving while intoxicated. For reversal, he contends that the results of an intoxilyzer test should not have been admitted because he was not properly advised of his right to have additional tests made to determine the alcohol content of his blood. We disagree, and affirm.

A Clarksville patrolman stopped appellant on June 1, 1985, and arrested him for driving while intoxicated. The patrolman took appellant to the courthouse where another officer, Officer Breedlove, gave him the following warning which was read from a rights form:

> You will be administered a (blood)(breath) test to determine your blood alcohol content.
>
> If you take the test, you may, at your expense, have a physician, registered nurse, lab technician, or other quali-

fied person administer a blood or urine test. This department will assist you in obtaining such a test or tests.

Officer Breedlove testified that appellant indicated that he understood all that was read to him and agreed to take a breathalyzer test. After taking the test, appellant was asked if he wanted a blood test, and appellant responded that he did. Appellant had no money, so he was allowed five or six phone calls to raise the money for a blood test. He was unsuccessful, and no additional test was administered.

Appellant argues that the results of the breath test should not have been admitted because he was not advised that he had a right to an additional breath test pursuant to Ark. Stat. Ann. § 75-1045(c)(3) (Supp. 1985) which provides:

The person tested may have a physician, or a qualified technician, registered nurse, or other qualified person of his own choice administer a complete chemical test or tests in addition to any test administered at the direction of the law enforcement officer. The law enforcement officer shall advise such person of this right. The refusal or failure of a law enforcement officer to advise such person of this right and to permit and assist the person to obtain such test or tests shall preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.

Appellant argues his case is controlled by this court's decision in *Mitchell* v. *City of North Little Rock*, 15 Ark. App. 331, 692 S.W.2d 624 (1985). In *Mitchell*, as in this case, the appellant was advised he could have an additional test of his blood or urine, but was not told that he could have another breath test. However, the deciding factor in *Mitchell*, *supra*, was that the defendant was not assisted in his attempt to obtain an additional test. To the extent that our decision in *Mitchell* might infer that a defendant is entitled to be informed of the full range of additional tests available, such a holding would be in conflict with the supreme court's ruling in *Hegler* v. *State*, 286 Ark. 215, 691 S.W.2d 129 (1985). In *Hegler*, the court held that even though the rights form did not mention an additional breath test, the police substantially complied with the requirements of § 75-1045(c)(3), and that substantial compliance is all that is re-

quired. *Hegler, supra.*

Affirmed.

COOPER and CLONINGER, JJ., agree.