Yolanda SIMS *v.* STATE of Arkansas

CA CR 89-122                                    786 S.W.2d 839

Court of Appeals of Arkansas
Division I
Opinion delivered February 28, 1990
[Rehearing denied March 28, 1990.]

*Carolyn Lee Whitefield*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. After a jury trial, the appellant was convicted of furnishing prohibited articles in violation of Ark. Code Ann. § 5-54-119 (1987), and was sentenced to five years in the Arkansas Department of Correction. On appeal she argues four points: 1) that it was error for the trial court to admit a bag of marijuana into evidence because the State failed to show a proper chain of custody; 2) that the trial court erred in denying her motion for a directed verdict; 3) that it was error for the trial court to permit the State to question her about her post-arrest silence; and 4) that the trial court erred in refusing to grant her motion for a new trial. We affirm.

The record reveals that the appellant went to the Hempstead County Jail to visit a man in custody there, Prentis Weston. The appellant was not permitted to see him, but a trustee was allowed to ask Mr. Weston if he needed anything and he conveyed the response to the appellant. The appellant left and returned shortly in the company of another woman. The appellant allegedly gave a bag of personal articles to Jenny Waller, an employee of the Sheriff's Department. According to Ms. Waller, she and Officer Ronald Wreyford inspected the articles. Officer Wreyford found cigarette rolling papers in between the pages of a package of writing paper and Ms. Waller found a small plastic bag of green vegetable matter, which was subsequently tested and found to be marijuana, in the bottom of a "Speed Stick" deodorant.

We will address the appellant's second argument first because a motion for a directed verdict is a challenge to the

sufficiency of the evidence. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). The appellant moved for a directed verdict at the close of the State's case, however, she failed to renew the motion at the close of the case. In order to preserve the issue of sufficiency of the evidence for appeal a directed verdict motion must be renewed at the close of the case. *Houston* v. *State*, 299 Ark. 7, 771 S.W.2d 16 (1989); Ark. R. Crim. P. 36.21(b) (amended by *per curiam* March 1, 1988). Therefore, we decline to consider this issue.

The appellant's first argument concerns the chain of custody of the small bag of marijuana found in the deodorant bottle. It is the appellant's contention that because there was no evidence as to when the bag was mailed from the sheriff's department to the State Crime Lab, or who received the package, the State failed to show a proper chain of custody. We disagree.

The purpose of establishing the chain of custody is to prevent the introduction of evidence which is not authentic, and to prove its authenticity the State must demonstrate a reasonable probability that the evidence has not been altered in any significant manner. *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986).

> To allow introduction of physical evidence, it is not necessary that every moment from the time the evidence comes into the possession of a law enforcement agency until it is introduced at trial be accounted for by every person who could have conceivably come in contact with the evidence during that period. Nor is it necessary that every possibility of tampering be eliminated: it is only necessary that the trial judge, in his discretion, be satisfied that the evidence presented is genuine and, in reasonable probability, has not been tampered with.

(citations omitted) *Munnerlyn* v. *State*, 264 Ark. 928, 931, 576 S.W.2d 714, 716 (1979). The effect of minor discrepancies in the chain of custody are for the trial court to weigh. *White, supra.*

Ms. Waller testified that she inspected the deodorant, found the bag containing the marijuana, pulled it out, and handed it to Officer Wreyford. Officer Wreyford stated that he observed Ms. Waller inspect the deodorant, saw her remove the bag, and

immediately took it from her. He stated that he placed the bag in an envelope; sealed it; and placed his initials, a case number, and the date on it. Before mailing it to the crime lab, Officer Wreyford placed the bag in his locker, to which he had the only key. When it was returned to him from the crime lab he again placed it in his locker.

The date on the bag of marijuana was July 14, 1988, but the day it was confiscated was July 13, 1988. On cross-examination, Officer Wreyford explained that he probably made a mistake on the date. Although Ms. Waller stated at trial that the bag appeared to be the one she pulled from the deodorant, Officer Wreyford testified that he was positive it was the same bag.

Mary Buhler, a forensic chemist with the Arkansas State Crime Laboratory, testified that the evidence was received by the crime lab on January 19, 1989; that she checked it out of the evidence room on January 25, 1989; and that she tested the contents of the bag. When she received the envelope it had the initials RLW on it and the number E-1-88-037. These are the same numbers and initials which Officer Wreyford said he placed on the envelope. Mrs. Buhler stated that she placed the laboratory's case number on the envelope, 89-00612, taped it shut, put her initials on it, and returned it to the evidence room on the same day she checked it out.

We hold that the State did demonstrate a reasonable probability that the evidence had not been tampered with or altered in any significant manner and we find no error in the trial court's admitting it into evidence. *White, supra.*

For her third point, the appellant argues that the trial court erred in allowing the State to cross-examine her about her post-arrest silence. Over the appellant's objection, the following took place on cross examination.

> Q. Ms. Simms, at the time you were arrested by law enforcement officers, did you tell Sheriff Don Worthy what you have told the jury?
>
> A. No, sir.
>
> Q. Did you tell Mrs. Jenny Waller what you told the jury?

A.  No.

Q.  Did you, in fact, tell any Hempstead County Deputy sheriff's or law enforcement officer what you have told the jury?

A.  No, sir.

The appellant also argues that this error was compounded when the State referred to her post-arrest silence during closing arguments.

No objection was raised concerning the remarks made by the State during closing arguments, and therefore we will not address the argument. In order to preserve an alleged error for appeal, an objection must be made. *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). As for the questions during cross-examination, we find that, if they did constitute error, it was harmless. Where the defendant's silence is mentioned by the State, it is harmless error if there is no prosecutorial focus by repetitive questioning or arguing on a defendant's silence where the evidence of guilt is overwhelming. *Vick v. State*, 301 Ark. 296, 783 S.W.2d 365 (1990).

There was overwhelming evidence of the appellant's guilt. Although the appellant testified that she was not the one who brought the marijuana to the jail and that it must have been brought in by the lady who accompanied her. Ms. Waller testified twice that she was sure it was the appellant who had the deodorant when the two women entered the jail. Furthermore, the prosecutor asked only three questions during a lengthy cross-examination and did not return to this line of questioning. Under these circumstances, we find that the error was harmless. Even errors of constitutional proportions do not require reversal if they are harmless beyond a reasonable doubt. *Gage v. State*, 295 Ark. 337, 748 S.W.2d 331 (1988).

For her final argument, the appellant argues that the trial court erred in refusing to grant a new trial. On direct examination, the appellant indicated that it was the woman who accompanied her to the jail, Vercina Lindsey, who secreted the marijuana in the deodorant and carried it into the jail. The State attempted to call Ms. Lindsey as a rebuttal witness, but the trial court sustained the appellant's objection and refused to allow Ms.

Lindsey to testify because she was not a proper rebuttal witness. During closing argument the State remarked, "[T]he defendant comes in here and says, I didn't know . . . the other girl had it. Where is the other girl?" Later, the State again commented, "What if we could have had that second person that came with her to the jail here today?" The appellant only objected to the second remark, and requested that the trial court instruct the jury that Ms. Lindsey was present but not allowed to testify. She also requested that the State not go into the matter any further. The trial court overruled the appellant's objection, stating that it had already instructed the jury as to "what weight to place on closing arguments." The State then continued its closing argument and stated "You have heard the testimony of the defendant that there was no effort to find this second lady, even though she also testified that this lady was the defendant's husband's best friend's girlfriend."

The appellant based her motion for a new trial on these remarks made by the State. She argues that prejudice is apparent from the fact the jury questioned the judge about why Ms. Lindsey did not testify.

■ The decision whether to grant a new trial is left to the sound discretion of the trial judge and will not be reversed in absence of an abuse of discretion or manifest prejudice to the complaining party. *Foster* v. *State*, 294 Ark. 146, 741 S.W.2d 251 (1988). We find no error.

■■ During closing arguments, the State is permitted to draw whatever inferences are reasonable from the evidence. *Wilburn* v. *State*, 292 Ark. 416, 730 S.W.2d 491 (1987). In light of the fact that it was the appellant's testimony that Ms. Lindsey put the marijuana into the deodorant and that it was the appellant's objection that prevented Ms. Lindsey from testifying, we do not think that the State's remarks were improper. It is not unreasonable to conclude that the appellant did not want Ms. Lindsey to testify because Ms. Lindsey would deny putting the marijuana in the deodorant. We cannot say that this suggestion by the State in closing arguments created manifest prejudice to the appellant.

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.